UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL PAUL PUZEY,<br><br>                Petitioner,<br><br>         v.<br><br>WARDEN SHINN, United States<br>Penitentiary Victorville,<br><br>                Respondent. | Case No. CV 18-05919-JFW (DFM)<br><br>ORDER SUMMARILY<br>DISMISSING PETITION |

      Michael Paul Puzey ("Petitioner") is a federal prisoner at the United States Penitentiary in Victorville, California. On July 6, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241, challenging a sentence imposed by the United States District Court for the Northern District of West Virginia. See Dkt. 1 ("Petition"). The Petition was accompanied by a Memorandum of Law. See Dkt. 2 ("Memorandum"). Petitioner also filed a motion to amend or supplement the Petition. See Dkt. 4 ("Motion").

      For the reasons discussed below, the Court summarily dismisses the Petition without prejudice for lack of jurisdiction.

# I.

## BACKGROUND

In April 2001, a jury in the United States District Court for the Northern District of West Virginia found Petitioner guilty of conspiracy to distribute crack cocaine, distributing crack cocaine, and use of a firearm in relation to a drug-trafficking offense. See United States v. Puzey, No. 00-57, 2001 WL 36125605 (N.D.W. Va. Oct. 29, 2001). After the trial court sentenced Petitioner to life imprisonment on the conspiracy count, 720 months on distribution, and a consecutive five-year sentence on a firearms count, Petitioner appealed the conviction and sentence. See United States v. Puzey, 73 F. App'x 549, 551 (4th Cir. 2003) (per curiam). The Fourth Circuit affirmed his conviction and sentence. See id. The Supreme Court denied Petitioner's petition for writ of certiorari in December 2003. See Puzey v. United States, 540 U.S. 1093 (2003).

In 2004, Petitioner brought a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Northern District of West Virginia. See Puzey v. United States, No. 04-063, 2005 WL 8141568 (N.D.W. Va. July 4, 2005). In 2005, the district court in West Virginia denied Petitioner's § 2255 motion. See Puzey v. United States, No. 04-063, 2005 WL 8141669 (N.D.W. Va. Oct. 24, 2005). Petitioner appealed, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Puzey, 178 F. App'x 304 (4th Cir. 2006). The Supreme Court denied Petitioner's petition for writ of certiorari. See Puzey v. United States, 549 U.S. 1033 (2006).

In 2014, Petitioner brought a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Northern District of West Virginia. See Puzey v. United States, No. 14-029, 2014 WL 1761615, at *3 (N.D.W. Va. Apr. 30, 2014). The district court in West Virginia denied

Petitioner's second § 2255 motion initially, see id. at *6, and again on reconsideration, see Puzey v. United States, No. 14-029, 2014 WL 12516079, at *4 (N.D.W. Va. June 16, 2014). The Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. See United States v. Puzey, 585 F. App'x 203 (4th Cir. 2014).

In December 2014, while incarcerated at FCC Allenwood in White Deer, Pennsylvania, Petitioner filed another petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the custodial judicial district, the United States District Court for the Middle District of Pennsylvania. See Puzey v. Allenwood, No. 15-067, 2015 WL 7290007, at *1 (N.D.W. Va. Sept. 23, 2015). The district court in Pennsylvania transferred the case to the Northern District of West Virginia for consideration under 28 U.S.C. § 2255. See id. The district court in West Virginia dismissed the action because it lacked jurisdiction to consider a successive motion under § 2255 without an order from the Fourth Circuit Court of Appeals authorizing the district court to consider such a successive motion. See id. at *3, report and recommendation adopted, No. 15-067, 2015 WL 7300549 (N.D.W. Va. Nov. 18, 2015). The district court later denied Petitioner's motion to alter or amend the judgment. See Puzey v. Allenwood, No. 15-067, 2016 WL 8261741 (N.D.W. Va. Jan. 7, 2016). The Fourth Circuit denied Petitioner's request for rehearing. See Puzey v. Allenwood, 667 F. App'x 56 (4th Cir. 2016). The Supreme Court denied Petitioner's petition for writ of certiorari. See Puzey v. Allenwood, 137 S. Ct. 601 (2016).

Petitioner then filed the Petition in this Court.

## II.

## DISCUSSION

### A.  Applicable Law

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same

screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b) (providing that district courts may apply the Habeas Corpus Rules to habeas petitions that are not brought under § 2254). Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Corpus Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

A petitioner challenging the manner, location, or conditions of a sentence's execution must file a petition for writ of habeas corpus under § 2241 in the custodial court. See Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Section 2255, on the other hand, "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" and must be heard by the sentencing court. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Generally, a federal prisoner cannot avoid the restrictions of a § 2255 motion by styling it as a § 2241 petition. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). The exception to this rule is § 2255's "escape hatch" or "savings clause." Harrison, 519 F.3d at 956; Lorentsen, 223 F.3d at 953. The escape hatch permits a federal prisoner to file a § 2241 petition to contest the legality of a sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). To show that his § 2255 remedy is inadequate or ineffective, a petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. See Stephens, 464 F.3d at 898.

///

**B.    Analysis**

Rather than challenging the manner, location, or conditions of his sentence's execution, Petitioner challenges the legality of his life sentence. Thus, Petitioner cannot proceed in this Court (the custodial court) unless § 2255's escape hatch applies. Applying the two prongs of that provision, the Court finds the Petition does not qualify for the exception.

To meet the first escape-hatch prong, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). The mere assertion of innocence, without "evidence tending to show that [Petitioner] did not commit the [acts] underlying his convictions," is insufficient. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). A petitioner states a claim of actual innocence "when he was convicted for conduct not prohibited by law." Alaimalo v. United States, 645 F.3d 1042, 1047-48 (9th Cir. 2011) (as amended) (holding that legal basis for petitioner's actual innocence claim did not become available until later Ninth Circuit case held that his conduct was not crime).

His labeling aside, Petitioner does not claim that he is actually innocent of offenses for which he is currently incarcerated. Rather, he appears to claim that his indictment in federal court was improperly based on the testimony of a West Virginia state police officer, thus depriving the federal court in West Virginia of subject matter jurisdiction. See Petition at 3, 6-7. Petitioner also alleges that his due-process rights have been violated because no federal law enforcement official—only a state law enforcement official—accused him of a federal crime. See id. at 6. This is not a claim of actual innocence; at best, it is a claim of legal insufficiency.

5

Nor does Petitioner make the second showing necessary to demonstrate that his remedy under § 2255 is inadequate or ineffective. The Court considers (1) whether the legal basis for Petitioner's claim arose after he exhausted his direct appeal and first § 2255 motion and (2) whether the law changed in any way relevant to Petitioner's claim after that first § 2255 motion. See Harrison, 519 F.3d at 960. Petitioner has not alleged anything in his Petition, Memorandum, or Motion to suggest that the legal basis for his claims arose after he exhausted his direct appeal, first § 2255 motion, or any subsequent § 2255 motion or appeal. Nor does he make any claims suggesting that the law has changed in a way that is relevant to his claims.

As a result, Petitioner's claims must be brought under § 2255, not § 2241. See Hernandez, 204 F.3d at 866; Stephens, 464 F.3d at 899. The claims in the Petition must be brought in the sentencing court in the Northern District of West Virginia—and only then with the permission of the Fourth Circuit Court of Appeals. See Muth, 676 F.3d at 817 ("[J]urisdiction over § 2255 motions lies with the sentencing court, not the custodial district . . . ."); 28 U.S.C. § 2255(h) (providing that second and successive § 2255 motions must be certified by court of appeals).

///
///
///
///
///
///
///
///
///
///

### III.

### ORDER

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice under Habeas Corpus Rule 4.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2018

_____
JOHN F. WALTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge